## George Pettigrew v. J. J. Dix.

1. To a suit on a promissory note, brought by an assignee, the maker pleaded that he had paid the note to the payee, before its transfer to the plaintiff, by an order on his stock-keeper for mules, which order was received by the payee in full satisfaction of the note; and that the mules had always been, and still were, ready for the payee. *Held*, that the answer presented a good defense, and it was error to sustain an exception to it for insufficiency.

Appeal from Nueces. Tried below before the Hon. J. B. Carpenter.

The facts appear in the opinion.

*J. C. Russell*, for the appellant.—First—When the debtor's own negotiable bill or note is given for a pre-existing debt, it is *prima facie* evidence of payment. (2 Greenleaf's Ev., 520, and note,) In this case the order was expressly received as payment by O. P. Hunsaker, the holder and owner of the note sued on by the plaintiff, and being so received constitutes a complete payment. (2 Greenleaf's Ev., 520, and note; Story on Bills, 419, and note.)

Second—The order or draft was payable in mules, at a specified place on demand, and was accepted—the acceptor was liable for its

payment, and was ready at all times to make payment—there was, therefore, no necessity of setting the property apart and tendering it to Hunsaker until demanded by him. (Hughs v. Prewitt, 5 Tex. R., 264; 8 Ala. R., 635; Tinsley v. Ryan, Admr., 9 Tex. R., 405.) As for pleas of payment, see 6 Tex. R., 427, Ib. 150, Ib. 91.

Third—The note having been transferred after it became due, is subject to all the defenses in the hands of the plaintiff that would have been in the hands of the original holder· (O. & W. Digest, Arts. 87 and 88, and decisions under these sections.)

Fourth—Hunsaker being in possession of the order can certainly recover the mules from the acceptor, and if the plaintiff is permitted to recover on the note, two satisfactions of the same debt may be had, which is so manifestly unjust and against the policy of the law that it needs authority to support it.

*Davis & Murphy*, for the appellee.—The answer and amended answer of the appellant in the court below, which were demurred to, and the demurrer sustained, were, at most, appellee contends, but an accord without satisfaction, and properly held as insufficient in law. The court is referred to McGehee v. Shafer, 15 Texas, 203, 204; Chitty on Contracts, 760, 7 Am. ed.; Story on Contracts, § 982 b., 3 ed. An order by a debtor on a third person, which is neither paid nor accepted, is not an extinguishment of the precedent indebtedness. (McNeill v. McCamley, 6 Tex., 163.)

For discharge of the debt in specific articles, there should be such a designation and setting apart as would enable the creditor to claim them and identify them as his own. An offer to pay mules running in the prairie at large, unseen, and without designating or setting them apart, never could be sustained as a legal tender; neither was it claimed that a fair cash value was placed upon the mules. (Lockhart v. Dewees, 1 Tex., 540.)

MORRILL, C. J.—Pettigrew brought suit against Dix, based on a note made by Dix and payable to one Hunsaker or order, at one day, alleging ownership of the note in himself as assignee of the payee, Hunsaker.

Defendant pleaded the general denial, and also, that before the note was transferred or assigned, he paid, satisfied and discharged the same in the hands of the payee, by giving the payee an order on one Theodore Dix, defendant's stock-keeper, for certain mules, and that the payee received this order in full satisfaction of the note; that the mules always have been ready, and are now ready, for Hunsaker's acceptance.

The answer was excepted to by plaintiff, as constituting no defense, and judgment was given for plaintiff. The payee of a note has a right to destroy it, to sell it, either for money or property, and to any purchaser, whether the maker or any one else. But after he has made a contract of sale or exchange, he is just as much bound thereby as by any other contract, fairly, honestly and legally made.

The answer alleges that the payee of the note, before he sold it to the plaintiff, had been paid and satisfied, and that he received a draft for certain property in full satisfaction of the note; that the property had been ready at the residence of the drawee of the draft.

The plaintiff admits the facts to be true, and in so doing he legally admits that when he received the note from the payee he knew it was paid, and that he had no greater rights than the payee of the note to recover the sum called for therein.

Because the court erred in sustaining the exception to the answer of defendant, the judgment is reversed.

                                                Reversed.